UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN OLTMANNS,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1475 CLERKS AND CHECKERS UNION, INC., and GEORGIA STEVEDORE ASSOCIATION,<br><br>    Defendant. | Civil Action No.:<br><br>4:18-cv-00188-RSB-JEG |

## AMENDED COMPLAINT

This is a civil action brought by Plaintiff Justin Oltmanns. This action is brought for the breach of duty of fair representation by Defendant International Longshoreman's Association Local 1475 Clerks and Checkers Union, Inc. and the Georgia Stevedore Association, by failing to grant Plaintiff proper seniority classification pursuant to Section 301 of the LMRA (codified at 29 U.S.C. §185).

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1343(a)(4), 1367 and 29 U.S.C. §185.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 29 USCA § 412, as defendant conducts business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

1

## II. PARTIES

3. Plaintiff Justin Oltmanns (hereinafter "Mr. Oltmanns" or "Plaintiff") is a resident of Savannah, Chatham County, GA. Plaintiff is employed as a worker and receives jobs based upon his seniority as established by the policies, past practices and procedures of Defendants and pursuant to hiring hall fees of Defendants.

4. Defendant International Longshoreman's Association, Local 1475 Clerks and Checkers Union, Inc., (hereinafter "Local 1475" or "Union") is a "labor organization" within the meaning of 29 U.S.C. § 402(i) and is a corporation located within the State of Georgia and may be served process by serving its registered agent James Buttimer, 24 Drayton St., #610, Savannah, GA 31401.

5. Defendant Georgia Stevedore Association, Inc. (hereinafter the "GSA") is a corporation located within the State of Georgia and may be served process by serving its registered agent J. Wiley Ellis, 2 E. Bryan St., 10th Fl., Savannah, GA 31401.

## III. STATEMENT OF CLAIMS

6. Plaintiff Oltmanns has been an active member of Local 1475 since July 2007.

7. October 2007, Plaintiff signed up on the Extra List 4 to work as a Clerk and Checker with Local 1475, when work was available.

8. Plaintiff remained in good standing with Local 1475.

9. Plaintiff worked as a Deck and Dockmen; however, he received Clerk and Checker work through what is called the Z-4 Extra List.

10. At certain times the Deck and Dockmen work was interchangeable with Clerk and Checker work.

11. Plaintiff Oltmanns has served as a Deck and Dockmen and has gotten work from the Clerk and Checker list when work was available.

*Defendants Acted in an Arbitrary, Discriminatory manner and with Bad Faith as it Related to Plaintiff's Seniority Classification*

12. There is no written guidance or formal procedure that dictates how crossover hours are apportioned for the purpose of seniority.

13. Past port practice has been that when a person makes their hours as a Deck and Dockmen those hours are transferrable to Clerk and Checkers in regard to seniority classification.

14. Historically, Clerks and Checkers accrued their hours by working as Deck and Dockmen, which is still the practice.

15. Mr. Oltmanns has not been afforded that right.

16. Seniority with the Local 1475 is based on the accumulation of at least 700 work hours for a specific contract year.

17. Mr. Oltmanns repeatedly met the requisite hours as a Deck and Dockmen that should also qualify for Clerk and Checker seniority.

18. In the contract year 2014-2015, Mr. Oltmanns made the required hours as a Deck and Dockmen, however, those hours were not allowed to count toward his seniority as a Clerk and Checker.

19. In contract year 2015-2016, Mr. Oltmanns accumulated 1100 plus hours as a Deck and Dockmen and again was refused seniority with the Clerk and Checkers, which was arbitrary, discriminatory and with bad faith.

20. Mr. Oltmanns has proper seniority as a Deck and Dockmen, but he has been denied seniority classification as a Clerk and Checker, which was arbitrary, discriminatory and with bad faith.

21. As a result of Local 1475 and GSA arbitrary, discriminatory and bad faith actions, Mr. Oltmanns' proper seniority classification as a Clerk and Checker, he has been relegated to alternative lists, which have resulted in less work for Mr. Oltmanns which has resulted in significant economic loss.

22. Local 1475 and GSA have denied Mr. Oltmanns proper seniority classification even though the Memorandum of Understanding with Respect to Work of "ILA Deck and Dockmen ("MOU"), Section 8 states "All said ILA Deck and Dockmen shall work under the Clerk and Checker's Agreement of Local 1475 with special conditions as set out therein;"

23. Section 8 of the MOU is the only reference out of the Local 1475's and GSA's governing documents that alludes to both Deck and Dockmen and Clerks and Checkers. (attached as Ex. A).

24. The aforementioned MOU is a governing agreement among the Defendants and is incorporated into the Master Contract.

25. The governing documents for both Deck and Dockmen and the Clerk and Checkers are silent on the cross over seniority, as well as any other GSA approved documents, including the Collective Bargaining Agreement.

26. Local 1475 and GSA have arbitrarily, discriminatorily and in bad faith have determined the disbursement of hours for seniority.

### *Breach of Duty of Care to Represent the Plaintiff*

27. Mr. Oltmanns filed a grievance regarding the discrepancy in the seniority classifications.

28. Local 1475 and GSA owed a duty of care to Plaintiff in the grievance hearing.

29. On February 13, 2018, a grievance hearing was scheduled.

30. The Port Grievance Committee ("PGC"), which was made of representatives of the defendants, as well as Plaintiff attended the hearing.

31. At the hearing. Mr. Oltmanns was told by the PGC that the issue would be "tabled due to pending litigation."

32. There was no pending litigation regarding this matter.

33. Since the hearing, there has been no further action taken on Plaintiff's seniority grievance.

## IV.  CAUSES OF ACTION

### COUNT ONE – BREACH OF DUTY OF FAIR REPRESENTATION

34. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1-33 as set forth herein.

35. This is a claim for declaratory and injunctive relief for violations by Defendants Local 1475 and GSA for breach of duty of fair representation in violation of the National Labor Relations Act ("NLRA").

36.  Defendants Local 1475 and GSA have failed and refused to assert defenses on behalf of Plaintiff when Defendant Local 1475 knew that Plaintiff was and is entitled to proper seniority classification.

37. The acts and omissions of Defendant Local 1475 and GSA amount to breach of the duty of care in representing Plaintiff under the NLRA.

38. By denying Plaintiff proper seniority classification Defendants Local 1475 and GSA have caused Plaintiff to lose income.

## COUNT TWO - ATTORNEY FEES

39. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1-38, as set forth herein and states:

40. Defendants have acted in an arbitrary, discriminatory manner, as well have acted in bad faith.

41. Plaintiff seeks an award of attorney's fees in this action.  Defendant has been unnecessarily contentious and has caused Plaintiff additional attorney's fees.  Plaintiff is therefore entitled to recover from Defendant the expenses of this litigation, including but not limited to reasonable attorney's fees and costs.

## DEMAND FOR RELIEF

42. Wherefore, Plaintiff prays the process issue according to law and demands judgment against Defendant as follows:

    a. Declare Defendants Local 1475 and GSA have violated Section 301 of the LMRDA as set forth in Count I above;

    b. Grant a preliminary and permanent injunction with respect to each count requiring Defendants Local 1475 and GSA to grant Plaintiff proper seniority classification as a Clerk and Checker;

    c. Grant compensatory damages for lost wages;

    d. Grant all damages that may be awarded under Section 301;

    e. General compensatory damages including, but not limited to damages, plus interest;

    f. Special damages;

g. Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

h. Reasonable attorneys' fees, expenses and costs; and

i. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 4th day of January 2019.

/S/ Nathanael E. Wright
Nathanael E. Wright, Esq.
State Bar No.: 141866
210 East 31st Street
Savannah, GA 31419
912-238-2881
912-231-1251 FAX
nwrightlawpc@gmail.com
**ATTORNEY FOR PLAINTIFF**

/S/ Gwendolyn Fortson-Waring
Gwendolyn Fortson Waring
State Bar No.: 270110
221 W. 31st Street
Savannah, GA 31401
(912) 477-5590
(912) 238-0207 FAX
gswaring@aol.com
**ATTORNEY FOR PLAINTIFF**